**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HENRY J. SUAREZ,

Plaintiff-Appellant,

v.

UTAH BOARD OF PARDONS &
PAROLE; MICHAEL LEAVITT;
UTAH STATE LEGISLATURE,

Defendants-Appellees.

No. 04-4222
(D.C. No. 2:01-CV-637-DAK)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Henry J. Suarez is an inmate in the Utah state correctional system. He appeals the dismissal of his 42 U.S.C. § 1983 civil rights claim against the Utah Board of Pardons and Parole (the Board). Suarez claims the district court erred in determining that the correctional system provided adequate access to the Federal Rules of Civil Procedure and that his failure to file a post-judgment motion did not amount to excusable neglect. Because Suarez is proceeding *pro se*, we construe his pleadings liberally. *Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## Background

In 2001, Suarez filed a *pro se* 42 U.S.C. § 1983 complaint alleging that the Board violated his due process rights in connection with his parole hearing and that officials of the Utah state government conspired to deny his due process rights. In addition, he alleged that, when making parole decisions, the Board discriminates on the basis of religion. The district court dismissed his claims pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires a district court to dismiss any claims in a prisoner's *in forma pauperis* complaint which are frivolous, malicious, or fail to state a claim upon which relief can be granted.

Suarez appealed the district court's ruling, and this court affirmed the dismissal of his due process and conspiracy claims. *See Suarez v. Utah Bd. of*

*Pardons & Parole*, No. 02-4162, 76 Fed. Appx. 230 (10th Cir. Aug. 29, 2003). With regard to his religious discrimination claim, a majority found Suarez had presented sufficient facts in his appellate brief to demonstrate his claim was not frivolous, but that he had failed to present these facts to the district court or to file any post-judgment motion. Because it was uncertain whether he had access to the Federal Rules of Civil Procedure ("Federal Rules"), the panel could not determine whether Suarez's failure to file a post-judgment motion was excusable. As a result, the panel remanded the case for a hearing and findings as to whether Suarez had access to the Federal Rules, specifically the text of Rules 59 and 60. *Id.* at 235.

On remand, Suarez claimed the Federal Rules were not available to inmates. The Board submitted a report in which it conceded that the Federal Rules were not included in the collection of legal materials generally provided for inmate use, which included only Utah law and the local federal district court rules.[1] It asserted, however, inmates may request copies of materials from the

---

[1]	Though the Board had not been served with process and was therefore not yet technically a party in the district court, it submitted an account similar to a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (stating the district court may order the prison administration to submit a report to be included in the pleadings in cases where a prisoner has filed suit alleging a constitutional violation).

contract attorneys who assist inmates with the filing of their complaints. Suarez had filed his complaint without consultation with the contract attorneys.

Based on the parties' submissions, the district court found that the Federal Rules were not immediately available to inmates, but that they could be obtained upon request. Accordingly, the district court concluded that Suarez had adequate access to the Federal Rules and that his failure to file a post-judgment motion was the result of either a conscious decision or inexcusable neglect. The court reinstated its dismissal with prejudice of the religious discrimination claim.

### Discussion

On appeal, Suarez asserts that "[t]here is no requirement that an inmate request all possible assistance or information that he may need at a lat[]er date for redress of an injury that the inmate does not even know that has been inflicted upon him." Aplt. Br. at 2. To elaborate, Suarez claims that he had no opportunity to request a copy of the Federal Rules from the contract attorneys (who assist only through completion of an initial complaint), because he had drafted his own filing. This argument is unavailing.

Suarez did not present any evidence in the district court contesting the *Martinez* report's assertions about the availability of contract attorneys.[2] Instead,

---

[2]     We note that Suarez has attached documents to his appellate brief that were not submitted to district court. This court does not consider such materials. *See*

(continued...)

he argued about the legal consequences of the contractual limitations on their services. Thus, we review the district court's ruling *de novo*. *Pierce v. Underwood*, 487 U.S. 552, 558 (1988).[3]

"Prisoners have a fundamental constitutional right of access to the courts, and must be provided with 'adequate law libraries or adequate assistance from persons trained in the law.'" *United States v. Cooper,* 375 F.3d 1041, 1051 (10th Cir.), *cert. denied*, 125 S. Ct. 634 (2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). "[P]rovision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *Id.* at 1051-52. Moreover, the "right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action

---

[2](...continued)
*Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1319 (10th Cir. 1998).

[3]     The district court also relied upon the Board's statement that inmates may obtain the Federal Rules through the paging system, which allows inmates to submit a written request for supplementary legal materials. Suarez asserts that he had not been informed of this system, thus disputing the Board's contention that he "was aware that he could file a [paging system] request for additional legal materials." Aplee. Br. at 5. We recognize that the parties' positions present a contested issue of fact. However, a review of the district court record reveals no dispute on the availability of the contract attorneys. Thus, we need not address the ramifications of the paging system, as it is immaterial to our resolution of the appeal. *Cf. Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000) ("A mere factual dispute" will not necessarily affect the propriety of summary judgment because "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment.").

regarding current confinement. . . . ” *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995).

Suarez's decision to forgo offered legal assistance at the initial pleading stage meant that he lacked a copy of the Federal Rules. Nevertheless, actual possession of the Federal Rules is not legally required. It is sufficient that information on the rules is available from the contract attorneys, if requested at a scheduled meeting. The district court properly addressed this court's concern and correctly concluded that Suarez had adequate access to the text of the Federal Rules.

Accordingly, we see no abuse of discretion in the district court's determination that the failure to file a post-judgment motion amounted to inexcusable neglect. *See Searles v. Dechant*, 393 F.3d 1126, 1130 (10th Cir. 2004) (applying the abuse-of-discretion standard to a ruling on excusable neglect, in the context of an untimely notice of appeal). The judgment of the district court is AFFIRMED. Suarez is reminded of his obligation to continue making payments until the filing fee is paid in full.

Entered for the Court

Mary Beck Briscoe
Circuit Judge